UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRANDA PEREZ,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 1:26-cv-00236-KES-HBK<br>FINDINGS AND RECOMMENDATIONS TO AFFIRM THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY [1]<br>(Docs. 11, 14)<br>FOURTEEN-DAY OBJECTION PERIOD |

Miranda Perez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for disability insurance benefits and supplemental security income under the Social Security Act. (Doc. 1). The matter is before the Court on the parties' briefs, which were submitted without oral argument. (Docs. 11, 14, 15). For the reasons below, the undersigned recommends denying Plaintiff's motion for summary judgment, granting Defendant's cross-motion for summary judgment, and affirming the Commissioner's decision.

////

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

## I. JURISDICTION

Plaintiff protectively filed her applications on April 8, 2022, alleging disability beginning March 1, 2020. (AR 235-53). The applications were denied initially (AR 67-102, 150-54) and upon reconsideration (AR 103-49, 156-60). Plaintiff, represented by counsel, testified at a video hearing before an administrative law judge ("ALJ") on December 9, 2024. (AR 37-66). The ALJ denied the applications (AR 14-36) and the Appeals Council denied review (AR 1-6). The matter is before the Court under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## II. BACKGROUND

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the parties' briefs. Only the most pertinent facts are summarized here.

Plaintiff was 28 years old at the time of the hearing, held a bachelor's degree in business, and lived with her mother. (AR 39, 44). Plaintiff has no past relevant work. (AR 61).

Plaintiff testified that she stopped working after contracting Covid-19. (AR 45). She testified she could no longer work due to "health complications." (AR 45-46). She testified that when her sugars are low or high she experiences headaches, dehydration, fatigue, visual impairments, weakness, nausea, and difficulty sleeping. (AR 46-47, 56-58). She also testified that grey platelet syndrome and anemia caused her to feel ill for three to four days each month. (AR 48). She reported anxiety, depression, and panic attacks. (AR 52-54).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence is "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

A court may not substitute its judgment for the Commissioner's and must "uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Harmless error does not warrant reversal. *Id*. An error is harmless if it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision bears the burden of establishing harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV. SEQUENTIAL EVALUATION PROCESS

To be considered disabled, a claimant must satisfy two conditions. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential evaluation to determine a claimant's disability. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe

impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the

Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 1, 2020, the alleged onset date. (AR 19). At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus, long Covid, obesity, grey platelet syndrome/anemia, depression, and anxiety. (AR 20). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 20). The ALJ then found that Plaintiff has the RFC to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is never able to climb ladders, ropes and scaffolds, and should not work in environments exposing her to unprotected heights or machinery with dangerous, moving mechanical parts. The claimant is able to perform jobs of non-complex nature requiring the performance of no more than simple, routine tasks, and is able to maintain occasional contact with supervisors, co-workers and members of the general public. The claimant should not work in environments requiring daily or hourly production quotas such as assembly line work.

(AR 22-23). At step four, the ALJ found that Plaintiff has no past relevant work. (AR 29). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including industrial cleaner, kitchen helper, and hospital cleaner. (AR 29). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from March 1, 2020, through the date of the decision. (AR 30).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act and disability benefits under Title II of the Social Security Act. (Doc. 1). Plaintiff raises two issues:

1. Whether the ALJ properly considered the medical opinion evidence; and
2. Whether the RFC is supported by substantial evidence where the ALJ failed to include

limitations related to Plaintiff's severe impairments.

(Doc. 11 at 2-11).

## VII. DISCUSSION

### A. Dr. Aminian's Opinion

Plaintiff argues the ALJ inadequately explained the rejection of Dr. Houshang Aminian's opinion that she had a marked limitation in responding appropriately to usual work situations and changes in a routine work setting. (Doc. 11 at 5-8).

The ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

The most important factors are supportability and consistency, and the ALJ must explain the consideration of both. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability concerns the objective evidence and supporting explanation the source presents to support the opinion. Consistency concerns the opinion's agreement with other medical and nonmedical sources in the record. 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). An ALJ's decision to discount an opinion must still be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). This requires the ALJ to "'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520c(b)(2)).

On February 27, 2025, Dr. Aminian completed medical interrogatories and a statement

addressing Plaintiff's mental work-related activities. (AR 1562-70). He assessed no limitation in understanding, remembering, and carrying out simple instructions; mild limitations in making simple work-related decisions and understanding and remembering complex instructions; and moderate limitations in carrying out complex instructions, making complex work-related decisions, and interacting with others. He assessed a marked limitation in responding appropriately to usual work situations and to changes in routine work setting. (AR 1562-63). He further opined Plaintiff's ability to concentrate, persist, or maintain pace and the ability to adapt or manage oneself was not affected by her impairments. (AR 1563).

The ALJ found Dr. Aminian's opinion generally persuasive "overall" but rejected the marked limitation in responding appropriately to usual work situations as "too restrictive" and inconsistent with Plaintiff's reported ability to handle situations in stores, on public transportation, and in restaurants. (AR 28). Plaintiff argues that these activities are not analogous to managing workplace situation or changes and the cited function report describes shopping with assistance when her blood sugar was elevated, does not report public-transportation use, and reported handling stress and changes in routine "very badly." (Doc. 11 at 6-7 (citing AR 321-24)). Plaintiff further contends the medical record supports the marked limitation based on one treatment note finding severe anxiety and depression, and several treatment notes noting medication adjustments to treat anxiety, panic attacks, and emotional instability. (Doc. 11 at 7 (citing AR 632-33, 663-64, 683, 703-05 (noting no depression and normal mood and affect), 718-19 (moderate anxiety and depression, normal mood and affect)).

The ALJ noted that Plaintiff's reports that she went out to eat, went for drives, shopped with others, operated a motor vehicle, used a computer, paid bills, managed finances, read, texted, watched television programs, and played computer games. (AR 27, 321-22, 364 (noting she "can manage changes and implement them slowly"); *see Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (reviewing court "look[]s to all the pages of the ALJ's decision" in determining whether substantial evidence supports the ALJ's conclusion). While Plaintiff correctly notes that she did not check the box that she used public transportation in the function report cited by the ALJ (AR 321), the ALJ previously cited Plaintiff's reports at an August 2022 psychological

evaluation that she was independent for activities of daily living, stopped in stores independently, and was able to use public transportation and ride share service without supervision. (AR 27, 874). An ALJ may discount a medical opinion that is inconsistent with a claimant's reported functioning. *Morgan v. Comm'r Soc. Sec. Admin*., 169 F.3d 595, 601-02 (9th Cir. 1999).

The Court also notes that the medical records cited by Plaintiff as "supporting" the assessed limitation also include her reports that her depression was mainly due to Covid reinfection/precautions, contained denials of depression and anxiety, found normal mood and affect on mental status examination, and found moderate anxiety and depression. (AR 663-64, 703-05, 718-19). Moreover, as noted by the ALJ, the longitudinal medical record includes Plaintiff's repeated denials of mental health symptoms when treated, and normal mental status examination findings by treating and consulting providers. (AR 27 (citing AR 585 (cooperative, appropriate mood and affect), 613 (denied depression and anxiety), 617 (same), 621 (same), 625 (same), 638 (denied depression), 644 (normal mood and affect), 874, 883 (denied depression and anxiety), 1296 (same), 1318 (normal mood and affect), 1348 (euthymic and full affect), 1399 (normal mood and thought content), 1404, 1409, 1413, 1417, 1423, 1429, 1519 (cooperative, appropriate mood and affect)).

Based on the foregoing, despite evidence that could be considered more favorable to Plaintiff, substantial evidence supports the ALJ's rejection of Dr. Aminian's opinion regarding Plaintiff's ability to respond appropriately to usual work situations. (AR 28); 20 C.F.R. § 416.920c(c)(1)-(2); *see Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Considering the record as a whole, the ALJ's reasoning was supported by substantial evidence after proper consideration of the supportability and consistency factors. 20 C.F.R. § 416.920c(c)(1)-(2); *Woods*, 32 F.4th at 792. The Court finds no error in the ALJ's consideration of Dr. Aminian's opinion.

B. Residual Functional Capacity

Plaintiff next argues that the RFC fails to account for limitations caused by her severe impairment, particularly fatigue, and that the ALJ's explanation is internally inconsistent. (Doc.

11 at 8-11). Plaintiff cites the ALJ's notations in the summary of medical evidence acknowledging that the RFC would be impacted by symptoms from diabetes mellitus, "[f]atigue from anemia and/or grey platelet syndrome," and fatigue "exacerbate[d]" by obesity, and argues the ALJ impermissibly "equivocated" by noting that Plaintiff frequently denied fatigue. (Doc. 11 at 9-10 (citing AR 24, 26)).

The RFC is the most a claimant can do despite her limitations and must be assessed from all relevant evidence. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record. *Id.*; *see Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The RFC need only be consistent with relevant assessed limitations, not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). The ALJ is responsible for determining the RFC. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). It is also the duty of the ALJ to weigh the evidence and resolve conflicts in the record and translating supported limitation into work-related restrictions. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC.").

The ALJ provided a detailed review of the medical evidence, including evidence that could be considered more favorable to Plaintiff, and explained that Plaintiff's severe (and non-severe) impairments resulted in no exertional limitations, but "nonetheless" due to Plaintiff's diabetes mellitus, and fatigue from blood disorders, long Covid, and obesity, the RFC "provides that she is never able to perform the most strenuous postural function of climbing ladders, ropes, and scaffolds, and she should not work in environments exposing her to unprotected heights or machinery with dangerous, moving mechanical parts." (AR 24).

Although Plaintiff characterizes the restrictions as "minimal," she fails to identify functional limitations related to fatigue that were not properly accounted for in the assessed RFC, nor does she specifically argue the ALJ improperly considered medical opinion evidence aside from a single limitation assessed by Dr. Aminian. *See Sherman v. Colvin*, 582 Fed. App'x 745, 749 (9th Cir. 2014) (when a plaintiff fails to establish that an impairment results in any functional

limitation, the ALJ need not consider that impairment in his RFC), *Kay v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985) (the "mere diagnosis of an impairment ... is not sufficient to sustain a finding of disability."); *but see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"). Plaintiff declined to challenge the ALJ's assessment of medical opinions and prior administrative findings from sources who explicitly considered Plaintiff's severe impairments, including diabetes, grey platelet syndrome, covid issues, anxiety, and depression, and opined limitations consistent with or less restrictive than the limitations included in the RFC. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to consider issues not raised with specificity in plaintiff's opening brief). In March 2023, state agency medical consultant Julie Chu, M.D. assessed no exertional limitations, no climbing of ladders, ropes, or scaffolds, and avoid concentrated exposure to hazards. (AR 114-21). In July 2022, consultative examining physician Steven Stoltz, M.D. opined that Plaintiff has no functional restrictions based on medical issues. (AR 943). The ALJ found both opinions persuasive after proper consideration of the supportability and consistency factors under the new regulations. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Thus, the ALJ provided a detailed review of the medical evidence, properly evaluated the medical opinion evidence, and properly considered Plaintiff's subjective complaints – an assessment Plaintiff also did not challenge – in assessing Plaintiff's RFC. The Court finds no error in the ALJ's formulation or explanation of the assessed RFC.

**C. Remedy**

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, the ALJ properly considered the medical opinion evidence and the RFC was supported by substantial evidence. After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

////

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment (Doc. 11) be DENIED.
2. Defendant's Cross Motion for Summary Judgment (Doc. 14) be GRANTED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court AFFIRM the Commissioner's decision for the reasons set forth above.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: November 2, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE